UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID LYNN RHODES,

    Plaintiff,

v.                                        Case No. 6:07-cv-1112-Orl-31KRS

BRYAN HUGHES, et al.,

    Defendants.

---

## **ORDER**

Plaintiff, a Florida prisoner proceeding *pro se*, filed three Motions for Court Order (Doc. Nos. 24, 25, & 26, filed March 12, 2008). In the first Motion for Court Order (Doc. No. 24), he requests the Court to order the Lake Weston Elementary School or John Dobbs, the principal of the school,

> to turn over any and all photo's [sic], items, files, notes or records, recorded items that were replaced because of an attack by K-9 on December 17th, 2006, also to turn over the size in measurement of the restroom of portable classroom 40, the desk, and cardboard said to be used inside the restroom, insurance records, statements of all persons from said business, [and] any other notes from any other source contained therein.

(Doc. No. 24 at 1.)

In the second Motion for Court Order (Doc. No. 25), Plaintiff requests the Court to order Florida Hospital,

> [in relation to a dog attack on December 17th, 2006,] to turn over any and all information/documents/photo's [sic]/email transmissions, including evaluations, opinions, analyses,

>     diagnoses, recommendations, internal memorandum, nurses or triage notes, medical records for emergency room or any other department of your office or facility, in-patient or out-patient records, face sheets, intake, admission, clinical and discharge summaries, physicians [sic] orders, nurses [sic] notes, operative reports, laboratory results, laboratory reports, physical therapy notes, medical sheets, graphic records, work capacity evaluations, final impairment ratings, maximum medical improvement opinions, notes or records, radiology reports, and externally generated reports or notes within the file such as doctors' correspondence, copies of hospital summaries, treatment notes, ambulance photo's [sic], fire/recue [sic], paramedic photo's [sic] and treatments, statements from ambulance, fire/recue [sic], doctors of their [sic] opinions of how long a dog may have chewed on David Lynn Rhodes to receive [sic] the damages done, treatment notes along with any insurance records in your file, billing (paid and unpaid), miscellaneous correspondence, statements, insurance forms or documents, and any other notes from any other source contained therein.

(Doc. No. 25 at 1-2.)

Finally, in the third Motion for Court Order, Plaintiff requests the Court to order Orange County Sheriff Kevin Beary and Sergeant R. Gay of the Orange County Sheriff's Department, "to turn over any and all photo's [sic], statements, records, miscellaneous correspondence, and any other notes from any other source contained therein, pertaining to the K-9 attack on December 17th, 2006. . . ." (Doc. No. 26 at 1.)

Lake West Elementary, John Dobbs, Florida Hospital, Orange County Sheriff Kevin Beary, and Sergeant R. Gay are not parties to the instant civil rights action. *See* Doc. No. 12 at 6. Pursuant to Rule 35(c) of the Federal Rules of Civil Procedure, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 35(c). Rule 45 provides that a party may seek a

Case 6:07-cv-01112-GAP-KRS   Document 29   Filed 03/26/08   Page 3 of 4 PageID 97

subpoena "to produce documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 further states that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45 (a)(3). Moreover, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1); *see also Schweizer v. Mulvehill,* 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (holding pursuant to Rule 45(b)(1) that "[a] party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation.").

Accordingly, it is hereby **ORDERED** as follows:

1.Plaintiff's Motions for Court Orders (Doc. Nos. 24, 25, & 26), construed as requests for subpoenas pursuant to Rule 45, are **GRANTED** to the extent that the **Clerk of the Court** shall mail Plaintiff, along with this Order, three subpoenas, signed but otherwise blank, which Plaintiff may complete and serve in compliance with Rule 45.

2.Plaintiff is admonished that "[a] party. . . responsible for issuing or serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(c)(1). This Court is required to enforce this duty and to impose an appropriate sanction on a party who fails to comply. *Id.* Moreover, as noted previously, Rule 45(b)(1) requires Plaintiff to notify all the parties before he serves a subpoena. Therefore, Plaintiff is warned that if he chooses to serve the

3

subpoenas, he should first notify all the parties and he should limit his requests to documents and items contemplated by Rule 45.

**DONE AND ORDERED** at Orlando, Florida, this 26th day of March, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 3/26
Counsel of Record
David Lynn Rhodes