UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID LYNN RHODES,

    Plaintiff,

v.                                        Case No. 6:07-cv-1112-Orl-31KRS

BRYAN HUGHES, et al.,

    Defendants.

## ORDER

Plaintiff, a Florida prisoner proceeding *pro se*, filed two Motions for Court Orders (Doc. Nos. 27 & 28, filed March 25, 2008). In the first Motion for Court Order (Doc. No. 27), Plaintiff requests the Court to order the Orange County Fire Rescue to turn over various medical records and documents related to a dog attack occurring on December 17th, 2006.

In the second Motion for Court Order (Doc. No. 28), Plaintiff requests the Court to order Hughes Towing Company "to turn over any and all information pertaining to a maroon Ford Ranger towed December 17th, 2006. . . ." *See* Doc. No. 28 at 1.

Orange County Fire Rescue and Hughes Towing Company are not parties to the instant civil rights action. *See* Doc. No. 12 at 6. Pursuant to Rule 35(c) of the Federal Rules of Civil Procedure, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 35(c). Rule 45 provides that a party may seek a subpoena "to produce documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R.

Civ. P. 45(a)(1)(A)(iii). Rule 45 further states that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it before service." Fed. R. Civ. P. 45 (a)(3). Moreover, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1); *see also Schweizer v. Mulvehill,* 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (holding pursuant to Rule 45(b)(1) that "[a] party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation.").

Accordingly, it is hereby **ORDERED** as follows:

1.Plaintiff's Motions for Court Orders (Doc. Nos. 27 & 28), construed as requests for subpoenas pursuant to Rule 45, are **GRANTED** to the extent that the **Clerk of the Court** shall mail Plaintiff, along with this Order, two subpoenas, signed but otherwise blank, which Plaintiff may complete and serve in compliance with Rule 45.

2.Plaintiff is admonished that "[a] party. . . responsible for issuing or serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(c)(1).  This Court is required to enforce this duty and to impose an appropriate sanction on a party who fails to comply.  *Id.* Moreover, as noted previously, Rule 45(b)(1) requires Plaintiff to notify all the parties before he serves a subpoena.  <u>Therefore, Plaintiff is warned that if he chooses to serve the subpoenas, he should first notify all the parties, he should</u>

<u>limit his requests to documents and items contemplated by Rule 45, and he should seek only information relevant to his claim of excessive force.</u>

DONE AND ORDERED at Orlando, Florida, this <u>31st</u> day of March, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 4/1
Counsel of Record
David Lynn Rhodes