UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID LYNN RHODES,

      Plaintiff,

v.                                          Case No. 6:07-cv-1112-Orl-31KRS

BRYAN HUGHES, *et al.*,

      Defendants.

_____

## ORDER

This case is before the Court on the following matters:

1.      Plaintiff's Motion to Extend Time to Answer Defendants' Interrogatories (Doc. No. 31, filed April 1, 2008) is **GRANTED.**  Plaintiff shall have until August 22, 2008, to mail to counsel for Defendants his answers to  Defendants' Interrogatories.

2.      Plaintiff's Motion for Appointment of Counsel (Doc. No. 32, filed April 10, 2008) is **DENIED**.  A civil litigant, including a prisoner proceeding *pro se*, has no absolute constitutional right to the appointment of counsel.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Instead,  appointment of counsel is a privilege which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel.  *Id.*  In the present case, the Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. The Court determines that there are no exceptional circumstances, such as novel or complex facts and legal issues, in this action necessitating the appointment of counsel.  *See*

*Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). This is not a complex case and does not raise any new or novel legal issues or facts. Further, from the pleadings filed in this case, Plaintiff has shown he is capable of prosecuting this action on his own and litigating this action *pro se*.

       3.      Defendants' Motion for Leave to Take Deposition of Incarcerated Plaintiff on April 18, 2008, (Doc. No. 33, filed April 11, 2008) is **DENIED** without prejudice. Defendants seek to take the deposition of Plaintiff, a pre-trial detainee. *Id.* Defendants state, however, that

> [Plaintiff] is being held pending the criminal trial in the State of Florida v. David L. Rhodes (Case No. 48-2006-CF-017812-O)[,] which was scheduled to begin in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, on Monday April 7, 2008. Undersigned counsel attended the pre-trial proceedings and was informed that the Plaintiff would be entering a plea on April 9, 2008, and the trial would not go forward. After attending the pre-trial proceedings on April 9, 2008, undersigned counsel learned that a plea agreement was not reached and the trial of Case No. 48-2006-CF-017812-O has now been continued and will take place in July or August of 2008.

Doc. No. 33 at 1. Defense counsel further indicates that he had hoped to await the outcome of the criminal trial, which was scheduled for April 7, 2008, before setting Plaintiff's deposition. *Id.* at 2. Defense counsel also references the May 1, 2008, discovery deadline pursuant to the February 21, 2008, Order (Doc. No. 23). *See* Doc. No. 33 at 2.

       The instant case involves a claim of excessive force that allegedly occurred during Plaintiff's arrest. In light of (1) Plaintiff's Motion to Extend Time to Answer Defendants' Interrogatories (Doc. No. 31); (2) Plaintiff's Motion for Appointment of Counsel (Doc. No.

32); (3) the ongoing criminal proceeding; (4) Defendants' indication that they had hoped to await the outcome of the criminal trial; and (5) the lack of a scheduled trial date in this case, the Court concludes that the appropriate action is to modify the deadlines in the February 21, 2008, Order.

Accordingly, it is hereby **ORDERED** as follows:

a.      The parties are directed to conduct discovery so that the due date of any discovery requested shall be not later than September 22, 2008.  Any motions relating to discovery shall be filed no later than **TEN (10) DAYS** thereafter.

b.      All motions to dismiss and/or for summary judgment shall be filed by **October 27, 2008**.

c.      **On or before** November 10, 2008, Plaintiff shall file a statement entitled **"Pretrial Narrative Statement."**  The Pretrial Narrative Statement shall contain:

(i)      A brief general statement of the case;

(ii)     A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

(iii)    A list of all exhibits to be offered into evidence at the trial of the case;

(iv)    A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

(v)     A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration);

(vi)    A summary of the anticipated testimony of <u>each</u> witness named in (d) and (e).

(vii)    A stipulation of facts/issues to be tried; and

(viii)   An estimated length of trial.

(d)      On or before **December 1, 2008**, Defendants shall file and serve upon Plaintiff a **"Pretrial Narrative Statement**," entitled as such.  The Pretrial Narrative Statement shall comply with paragraph (c).

(e)      Failure of the parties to disclose fully in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial will result in the exclusion of that evidence at the trial.  The only exceptions will be (1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

(f)      If Plaintiff fails to file a Pretrial Narrative Statement, as required by paragraph (c) of this Order, paragraph (d) of this Order shall be inoperative and Defendants shall notify the Court of Plaintiff's failure to comply.

**DONE AND ORDERED** at Orlando, Florida, this 16th day of April, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 4/16
David Lynn Rhodes
Counsel of Record

4